UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-23478-CIV-TORRES

THADDEUS A. KNIGHT,

    Plaintiff,

vs.

ROBERT MUELLER, in his official capacity as Director, FBI, HECTOR M. PASQUERA, in his individual and offical capacity as Special Agent in Charge, RICARDO MARTINEZ, in his individual and offical capacity as Assistant Special Agent in Charge and KATHLEEN ANTONA in her individual and official capacity as Acting Special Agent of the Federal Bureau of Investigation,

    Defendants.
_____/

**FINAL ORDER GRANTING CO-DEFENDANT ROBERT MUELLER'S
MOTION TO DISMISS THE COMPLAINT**

    This matter is before the Court on Co-Defendant ROBERT MUELLER's Motion to Dismiss Thaddeus A. Knight's Complaint [D.E. 1], pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction.  We have considered the motion, response, and reply thereto, and the record in this case.  For the foregoing reasons we are bound to grant the motion to dismiss and dispose of the case.

## *I.  BACKGROUND*

Mr. Knight filed this action on December 18, 2008 against Co-Defendant Mr. Mueller, asserting claims for unlawful race discrimination in violation of Title VII of the Civil Rights Act of 1964, Count I, unlawful disability discrimination in violation of Title VII of 29 U.S.C. § 633(A) (ADEA), in section 501 of The Rehabilitation Act of 1973, Count II, unlawful retaliation as on the basis of race in violation of Title VII of the Civil Rights Act of 1964, Count III, unlawful discrimination in violation of The Federal Civil Rights Act of 1866, 42 U.S.C. § 1981, and prohibition against all racial discrimination in making and enforcement of contracts, 42 U.S.C. § 1981. Mr. Mueller, in his official capacity, filed a Motion to Dismiss the Complaint [D.E. 15] on June 18, 2009.  Mr. Knight filed his Response to Mr. Mueller's Motion to Dismiss [D.E. 24] on August 7, 2009.  Mr. Mueller then filed his Reply to Knight's Response on August 17, 2009.  [D.E. 30].[1]

The facts here are based upon the allegations included in the Complaint.  Mr. Knight began employment with the FBI on May 12, 1997, and as such is a member of the Class of African American FBI agents covered under the BADGE Settlement Agreement. [D.E. 1 at ¶ 12].  In September, 1999, Mr. Knight was assigned to the Miami Division National Security Squad number Four (NS4). [D.E. 1 at ¶ 14].  In February, 2001, Mr. Knight had work-related difficulties and sought the services of FBI Employee Assistance Program (EAP). [D.E. 1 at ¶ 15].  On or about April 27,

---

[1] In an accompanying Order, we have dismissed with prejudice any claims against other named Defendants who were sued in their individual capacities.

2001, Mr. Knight suffered injuries in a work-related accident. [D.E. 1 at ¶ 16]. Between June 21 and June 26, 2002, Mr. Knight experienced alleged discrimination based on his perceived disability. [D.E. 1 at ¶ 23].

On July 12, 2002, Knight filed an Equal Employment Opportunity Commission ("EEOC") complaint against the FBI. The circumstances of the complaint were detailed in EEOC Case No. 150-2004-00257X, and FBI Case No. F-02-5696. [D.E. 1 at ¶ 30]. Due to medical issues, Mr. Knight submitted an application for disability retirement from the FBI on or about April 1, 2004. [D.E. 1 at ¶ 39]. The U.S. Office of Personnel Management approved this application on August 24, 2004. [D.E. 1 at ¶ 41]. On or about December 10, 2004, the Federal Bureau of Investigation ("FBI") and Mr. Knight executed a contract that stated the terms under which Mr. Knight would withdraw his EEOC complaint against the agency ("EEOC-1 Settlement Agreement"). [D.E. 15-1 at pp. 16-20]. Among other things, the agreement provided that the FBI would take all reasonable steps to insure that Mr. Knight's separation and/or disability retirement paperwork would be forwarded to the appropriate authorities in a timely manner. [D.E. 15-1 at p. 17]. It also granted Mr. Knight the authority to request reinstatement of the complaint if he believed that the FBI did not comply with the agreement. [D.E. 1 at ¶ 42; D.E. 15-1 at p. 18].

Mr. Knight alleges that the FBI breached this settlement agreement, and he filed a breach complaint with the FBI on December 18, 2006. [D.E. 1 at ¶ 45]. On June 14, 2007, the FBI stated the terms under which Mr. Knight could request a hearing on his complaint. [D.E. 1 at ¶ 47]. On May 11, 2008, Mr. Knight filed a breach

of contract appeal with the Equal Employment Opportunity Commission, Office of Federal Operations ("EEOC-OFO"). [D.E. 1 at ¶ 49]. On August 5, 2008, the EEOC-OFO found that the FBI did not breach the settlement agreement. [D.E. 1 at ¶ 51]. On August 16, 2008, Mr. Knight filed a request for reconsideration, and the EEOC-OFO denied this request on September 23, 2008. [D.E. 1 at ¶¶ 52, 54].

In the Complaint, Mr. Knight sues Co-Defendant Mr. Mueller, in his official capacity, for emotional distress, humiliation, mental distress and embarrassment; interest; lost income, benefits and back pay; legal costs; punitive damages; an injunction against all defendants from engaging in employment practice and procedures that operate to discriminate on the basis of race, disability, and age; reinstatement to his position as Special Agent; and an injunction barring Mr. Mueller from further discriminating or retaliating against Mr. Knight. [D.E. 1 at ¶¶ 91-98].

The pending Motion to Dismiss argues in part that this Court lacks subject matter jurisdiction because the exclusive jurisdiction over this action and these claims rests in the Court of Federal Claims. [D.E. 15 at p. 9]. Mr. Mueller alleges that the EEOC-1 Settlement Agreement executed between Mr. Knight and the FBI was in "full settlement and satisfaction of any and all claims" that Mr. Knight then had or may thereafter acquire against the FBI, or any of its agents or employees, that arose or may arise as a result of the events which gave rise to the EEOC complaint dated August 21, 2002. [D.E. 15 at p. 6]. Mr. Knight dates the complaint at July 12, 2002, but we assume both plaintiff and defendant are referring to the same complaint. [D.E. 1 at ¶ 30]. Mr. Mueller contends that this settlement agreement constituted a release of

the FBI, and its agents in their official capacity, from liability as to any claims which gave rise to Mr. Knight's EEOC complaint. [D.E. 14 at p. 7]. Mr. Mueller asserts that under the Tucker Act, 28 U.S.C. § 1491, the United States Court of Federal Claims has exclusive jurisdiction over claims such as Mr. Knight's; that is, claims against the United States, founded upon a contract with the United States, for damages in cases not sounding in tort, where the claim exceeds $10,000.00. [D.E. 15 at pp. 9-10].

We must determine whether the Court may address the EEOC-1 Settlement Agreement not attached to the Complaint, whether Mr. Knight's Complaint sounds in tort or contract, and whether the Court of Federal Claims has exclusive jurisdiction over this case.

## II.  ANALYSIS

### A.  *Plaintiff's Pro Se Status*

Plaintiff is now represented by counsel, and has responded to Mr. Mueller's motion through that counsel. [D.E. 24 at p. 9] However, Mr. Knight's complaint was filed without such representation. [D.E. 1 at p. 16]. Where a plaintiff files his complaint *pro se*, the Court normally has a heightened responsibility to construe the complaint liberally. *E.g., Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). A *pro se* plaintiff may plead himself out of court, however, by pleading facts that undermine his case. *E.g., Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999). Moreover, where a *pro se* plaintiff has a law degree and has been licensed to practice law, the Court cannot accord the *pro se* plaintiff the advantage of a liberal construction under his claims. *See Olivares v. Martin*, 555 F.2d 1192, 1194 (5th Cir.

1977) (the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit prior to 1981, in *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207, 1209 (11th Cir. 1981)).

In this case, the plaintiff, Mr. Knight, obtained his law degree from City University of New York School of Law at Queens College in 1996. [D.E. 16 at p. 2]. Mr. Knight was admitted to the Florida bar that same year. *Id*. Mr. Knight does not contest these facts. [D.E. 24]. Therefore, Mr. Knight is not entitled to the *pro se* advantage of liberal construction of his claims because he was and had been an admitted lawyer for some time when he filed this case. In the end, however, this finding is irrelevant to the outcome of the pending motion because the result would still follow whether or not Plaintiff was accorded pro se treatment.

### B. *Standard of Review*

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows for dismissal of a case when it is determined that the court lacks subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). "Because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case . . . ." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2002). "When a defendant properly challenges subject matter jurisdiction under Rule 12(b)(1) the district court is free to independently weigh facts, and may proceed as it never could under Rule 12(b)(6) or Fed.R.Civ.P. 56." *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). The Court is free to weigh the evidence and satisfy itself as to the existence of

its power to hear the case. No presumptive truthfulness attaches to plaintiff's jurisdictional allegations. *Id.*

### C. *The Parties' Settlement Agreement is Subject to Review*

Normally, a court's review of a motion to dismiss is limited to the four corners of the complaint. *E.g., St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002). However, the law is clear that when considering a motion that launches a factual attack against the Court's subject matter jurisdiction, the district court may properly look beyond the jurisdictional allegations of the complaint and view *whatever evidence has been submitted* on the issue to determine whether in fact subject matter jurisdiction exists. *See, e.g., Evers v. Astrue*, 536 F.3d 651, 656-57 (7th Cir. 2008) (quoting *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007)) (emphasis added). Under these circumstances the Court is obligated to consider any relevant extrinsic evidence properly before it. *See In re Waterfront License Corp.*, 231 F.R.D. 693, 698 (S.D. Fla. 2005). Because the Court's "jurisdiction cannot be conferred by consent of the parties, if the facts place the district court on notice that the jurisdictional allegation probably is false, the court is duty-bound to demand proof of its truth." *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986).

A factual challenge lies where the complaint is formally sufficient but the contention is that there is in fact no subject matter jurisdiction. *See United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). The co-defendant, Mr. Mueller, has raised such a factual challenge here. He claims that external facts, namely the existence of an EEOC-1 Settlement Agreement, call this

Court's jurisdiction into question. Thus, this Court has a duty to look at the Settlement Agreement to determine its effect on jurisdiction.

Furthermore, Mr. Knight conceded in his complaint that he entered into the EEOC-1 Settlement Agreement with the co-defendant. [D.E. 1 at ¶ 42]. A court may consider documents attached to the defendant's motion to dismiss if the documents were referred to in the plaintiff's complaint and are central to his claim. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). In the present case, Mr. Knight refers to the settlement agreement in his complaint repeatedly. [D.E. 1 at ¶¶ 42, 45, 47-54]. The settlement agreement is central to Mr. Knight's claim as it constitutes the core of the parties' contractual relationship and limits Mr. Knight's rights to initiate his discrimination claims. [D.E. 15 at p. 7; D.E. 15-1 at pp. 16-20]. Mr. Mueller has provided the EEOC-1 Settlement Agreement [D.E. 15-1 at pp. 16-20], and Mr. Knight has not denied the accuracy or validity of this contract [D.E. 24]. As a result, this court must consider the submitted or referenced portions of the contract to determine its effect on jurisdiction.

### D.   *The Case Sounds in Contract, Not Tort*

The pending motion asserts that the EEOC-1 Settlement Agreement between Mr. Knight and the FBI was "in full settlement, satisfaction and compromise of any and all claims, complaints, or causes of action by Complainant [Mr. Knight] of whatsoever kind and nature, known and unknown, which are or could have been the subject of his original Complaint on file herein and/or which arose from or are connected in any manner with his employment with the United States Department of

Justice (DOJ) or the FBI." [D.E. 15 at p. 7] (citing Paragraphs Four, Five and Seven of the EEOC-1 Settlement Agreement). This language alone, uncontested by plaintiff in his Response [D.E. 24], is particularly decisive.

The settlement agreement also enumerates Mr. Knight's procedural recourse should he deem the agreement breached. "[I]f the Complainant believes that the FBI has failed to comply with the terms of this Agreement, he may request that the terms of this Agreement be specifically implemented, or alternatively, that the above-referenced EEOC complaint be reinstated for further processing from the point processing ceased." [D.E. 15 at p. 7] (quoting Paragraph Five of the EEOC-1 Settlement Agreement). This contract language is also uncontested by Mr. Knight. [D.E. 24].

The binding and controlling nature of this settlement agreement is confirmed by his own actions after entering into the contract. Mr. Knight reinstated his complaint with the EEOC, in exact adherence to the agreement's procedure, from the point he felt the contract was breached. [D.E. 1 at ¶ 45]. The letter attached to his complaint indicates the conclusion of the settlement agreement's procedural mechanisms. The letter is a denial of appeal from Mr. Knight's complaint to the EEOC for breach of the settlement agreement. [D.E. 1, Document 1]. Mr. Knight, consequently, then filed this case with this Court, per the instructions of the letter.

That Mr. Knight has thus far followed the terms and procedures of the EEOC-1 Settlement Agreement evidences his belief that the contract is binding and controlling for his case. That Mr. Knight did not immediately bring a tort claim following the

initial breach of the agreement also suggests his belief that the contract is binding and controlling for his case. We share this belief. That Mr. Knight voluntarily entered into a settlement agreement with the FBI in full settlement, satisfaction and compromise of any and all claims, complaints, or causes of action regarding his discrimination allegations consolidates all of Mr. Knight's discrimination claims into a contractual action. And because these discrimination claims are identical to those claims plaintiff now asserts in this Court confirms that the primary thrust of this case is contractually based on the EEOC-1 Settlement Agreement. [D.E. 15-1 at pp. 3-6; D.E. 1 at ¶¶ 30-41]. As such, this case sounds in contract, not tort. That undeniable conclusion then leads to the following issue.

### E. *The Court of Federal Claims Has Exclusive Jurisdiction*

This United States District Court and the Court of Federal Claims have concurrent jurisdiction of claims against the United States, not exceeding $10,000.00 in amount, founded upon any express contract with the United States, for damages in cases not sounding in tort. 28 U.S.C. § 1346(a)(2); 28 U.S.C. § 1491(a)(1). Such contracts are subject to the exclusive jurisdiction of the Court of Federal Claims if the contract claim exceeds $10,000.00. *Hansson v. Norton*, 411 F.3d 231, 232 (D.C. Cir. 2005); *Greenhill v. Spellings*, 482 F.3d 569, 572 (D.C. Cir. 2007). Because plaintiff's claim for $10,000,000.00 is founded upon an express Settlement Agreement with the United States, for damages sounding in contract, the Court of Federal Claims has exclusive jurisdiction over this claim.

To provide an entire remedy and to complete the relief afforded by the judgment, the Court of Federal Claims may issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records, and such orders may be issued to any appropriate official of the United States. 28 U.S.C. § 1491(a)(2). In any case within its jurisdiction, the Court of Federal Claims shall have the power to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just. *Id*. Beyond damages, Mr. Knight here requests reinstatement to his position by Mr. Mueller in his official capacity. [D.E. 1 ¶¶ 91-99]. Thus, the Court of Federal Claims is adequately situated, and indeed exclusively so, to handle Mr. Knight's claim against Mr. Mueller.

Mr. Knight has not cited to us any authority that would provide him with any alternative route. The factual allegations in his Complaint compel the finding that his claims are contractual in nature, given what was expressly negotiated and agreed to when Mr. Knight first raised his discrimination claims. As a result, and because Mr. Knight's claim falls within the exclusive jurisdiction of the Court of Federal Claims, Mr. Mueller's Motion to Dismiss must be granted with prejudice in this Court, but with leave to seek any timely and appropriate relief that Mr. Knight is entitled to pursue with the Court of Federal Claims.

### III.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant Robert Mueller's Motion to Dismiss the Complaint is **GRANTED** and the Complaint is **DISMISSED** except to the extent that the Court of Federal Claims has exclusive jurisdiction over these claims. This District Court case is closed.

**DONE AND ORDERED** in Chambers at Miami, Florida, this day 26th of January, 2010.

    /s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge